IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> TYLER SHULER and REMINGTON M. PRINCE, <br><br> Defendants. | No. 2:23-cv-05713-DCN <br><br> **ORDER** |

The following matter is before the court on plaintiff Universal North America Insurance Co.'s ("Universal") motion to dismiss. ECF No. 17. For the reasons set forth below, the court grants the motion.

## I.  BACKGROUND

This case concerns an insurance coverage dispute which arose in relation to a complaint filed in the Berkeley County Court of Common Pleas. ECF No. 1, Compl; see also Shuler v. Prince, No. 2022-CP-0801640 (Berkeley Cnty. Ct. C.P. July 12, 2022) (the "State Court Action"). The State Court Action alleges that on August 11, 2019, defendant Tyler Shuler ("Shuler") and defendant Remington Prince ("Prince") were at the William H. Dennis Boat Landing. Prince allegedly punched Shuler in the neck, causing a head injury that required medical treatment and hospitalization. Compl. ¶¶ 11–24. According to the 9th Judicial Circuit Public Index, Prince was allegedly charged with assault and battery 2nd degree after this incident. Id.

Prince is the named insured under homeowner's insurance policy number CSVH0000014582-8 (the "Policy") issued by Universal. Id. ¶ 9. The Policy's policy

1

period was from February 9, 2019, to February 9, 2020. Id. Universal is currently providing a defense to Prince in relation to the State Court Action. Id. ¶ 26. Upon information and belief, Universal claims that Prince "failed to report material facts regarding his involvement in Mr. Shuler's injuries." Id. ¶ 25. Universal seeks a declaration that it owes no duty to indemnify Prince under the Policy for any loss related to the incident set forth in the State Court Action. Id. ¶¶ 27, 29–34. It also seeks a declaration that it owes no duty to defend Prince under the Policy in relation to the incident set forth in the State Court Action. Id. ¶¶ 28, 35–41.

On November 8, 2023, Universal filed this declaratory action under 28 U.S.C. § 2201 seeking four declarations. Id. ¶¶ 29–55.[1] On January 9, 2024, Prince answered the complaint and filed a counterclaim seeking a declaratory judgment and alleging breach of contract. ECF No. 9. On January 17, 2024, Shuler answered the complaint and filed a counterclaim seeking a declaratory judgment. ECF No. 13. On February 9, 2024, Universal filed a motion to dismiss Shuler's counterclaim for failure to state a claim. ECF No. 17. On February 22, 2024, Shuler filed a response in opposition, ECF No. 19, to which Universal replied on February 29, 2024, ECF No. 20. As such, the motion is fully briefed and now ripe for review.

---

[1] Universal asks the court to declare that it has no duty to defend, indemnify, or otherwise provide coverage to Prince in connection with the State Court action because: (1) there is no occurrence under the Policy; (2) coverage is validly excluded; and (3) the Policy's conditions are not met. Compl. ¶¶ 29–55. Universal also asks the court to declare that it is entitled to all attorney's fees and costs in bringing this action and for any other remedy the court deems appropriate. Id.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) [] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating whether the counterclaim states a claim that is plausible on its face, the facts are construed in the light most favorable to the counterclaim-plaintiff and all reasonable inferences are drawn in his favor. U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014). Nevertheless, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions . . . without some further factual enhancement" are insufficient. Twombly, 550 U.S. at 557. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III.  DISCUSSION

Universal moves to dismiss Shuler's counterclaim.  ECF No. 17.  The counterclaim states: "The insurance policy referred to in the Complaint herein provides coverage for the State Court action set forth in the Complaint for Plaintiff herein."  ECF No. 13 ¶ 26.  Universal claims that this sentence "does not provide notice to Universal of the grounds on which it rests."  ECF No. 17 at 3.  It argues that the sentence "is a legal conclusion, devoid of any factual allegations at all," and the counterclaim "falls far short" of the Twombly pleading standard.  Id.  Thus, Universal urges the court to dismiss the counterclaim for failure to state a claim for relief.  Id.

In response, Shuler claims he filed the compulsory counterclaim to assert that Universal's interpretation of the Policy is incorrect such that coverage should exist under the policy.  ECF No. 19 at 3.  Specifically, Shuler argues that Prince's Policy, issued by Universal, should provide coverage for the State Court Action arising out of the alleged assault and battery.  Id. at 5.  He cites to Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988), to argue that his counterclaim was compulsory because the facts and law are similar; the same evidence will support or refute the claim; and there is a relationship between the claim and counterclaim.  Id.

In reply, Universal notes that while Shuler is certainly entitled to allege a counterclaim, he must set forth allegations that establish a plausible claim for relief.  ECF No. 20 at 2.

The court agrees with Universal and finds that Shuler's counterclaim fails to plausibly state a claim for relief.  Shuler's counterclaim contains two paragraphs: (1) it fully incorporates Shuler's answers to Universal complaint and (2) it claims that the

Policy "provides coverage for the State Court action set forth in the Complaint for Plaintiff herein." ECF No. 13 ¶¶ 25–26. Shuler then summarizes that he requests "the court issue judgment declaring that [Universal] provides and has always provided coverage to . . . Prince for the injuries and damages sustained by [Shuler], and for costs and attorneys' fees." Id. at 3. Shuler pleads no facts and provides no legal argument or basis for his counterclaim—it is a naked assertion lacking any factual enhancement whatsoever. See id. ¶¶ 25–26; Twombly, 550 U.S. at 557. Much like all other legal claims, compulsory counterclaims must meet the plausibly pleading standard and this compulsory counterclaim does not meet that standard. See generally ECF No. 19; Twombly, 550 U.S. at 557. As such, the court grants the motion to dismiss Shuler's counterclaim for failure to state a claim.

### IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 22, 2024**
**Charleston, South Carolina**

5