IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL NORTH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:23-cv-05713-DCN |
| vs. | ) ) | **ORDER** |
| TYLER SHULER and REMINGTON M PRINCE | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiff Universal North American Insurance Company's ("Universal") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 60. For the reasons set forth below, the court grants the motion to dismiss.

## I.  BACKGROUND

In the instant lawsuit, Universal seeks a declaratory judgment that it owes no duty to provide indemnity or a defense to defendant Remington M. Prince ("Prince") under Prince's homeowner's insurance policy (the "Policy").[1] ECF No. 1, Compl. ¶¶ 9, 34. Universal's alleged obligations under the Policy stem from events taking place at the William H. Dennis Boat Landing in Berkeley County, South Carolina on August 11,

---

[1] Universal filed this lawsuit pursuant to diversity jurisdiction, and the parties do not dispute jurisdiction. ECF No. 1, Compl. ¶ 5. Universal is a wholly owned subsidiary of Universal Insurance Holdings of North America, which is a "Delaware-domiciled insurance group[,]" and "[i]ts principal place of business is in Sarasota, Florida." Id. ¶ 1. Additionally, neither party disputes that defendants Shuler and Prince are citizens of South Carolina. Id. ¶ 2–3; ECF No. 53, ¶¶ 3–4. Because the Policy has a liability limit of $300,000, exceeding the $75,000 jurisdictional threshold, jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332. Compl. ¶ 4.

1

2019.  Id. ¶ 12.  On that day, Prince allegedly pushed his hand against co-defendant Tyler Shuler's ("Shuler") head with enough force to cause serious injury to Shuler.  Id. ¶ 14–15.  In connection with this incident, Prince was allegedly arrested on August 12, 2019.  Id. ¶ 17.  Shuler allegedly reported to medical personnel that his injuries resulted from Prince punching him and told law enforcement that he had been assaulted by Prince.  Id. ¶¶ 22–23.  On or about July 12, 2022, Shuler filed a complaint against Prince in state court (the "State Court Complaint") alleging that Shuler's injuries resulted from Prince negligently "pushing his hand toward [Shuler] in a place on [Shuler's] head which could and did cause serious, severe and permanent injuries without intending to do so[.]"  ECF No. 1-2 ¶ 6.a.  Universal is currently defending Prince in the state court litigation pursuant to any obligations it may have under the Policy but does so subject to a reservation of rights.  Compl. ¶ 26; ECF No. 60 at 2.

      Universal filed this lawsuit on November 8, 2023 seeking a declaration that it owes no duty to defend or indemnify Prince in connection with Shuler's lawsuit on multiple grounds, including: (1) that Shuler's injuries did not result from an "occurrence," as required by the policy; or (2) that Prince's actions fell under at least one of three exclusions under the policy for (a) expected or intended injury, (b) physical or mental abuse, or (c) concealment or fraud.  Compl. ¶¶ 34, 36, 43, 48.  Prince asserts counterclaims for (1) a declaratory judgment that Universal "owes a duty to provide indemnity or defense under the Policy for allegations contained in the State Court Complaint[;]" (2) breach of contract relating to Universal's alleged failure to fulfill its obligations under the policy; (3) negligence resulting from Universal's alleged mishandling of Prince's claim in various particulars; and (4) another declaratory

judgment that Universal's breach of contract and negligence has caused damage to Prince. ECF No. 53 ¶¶ 62, 64, 68, 71. Universal moved to dismiss these claims on April 30, 2025. ECF No. 60. Prince responded in opposition on May 14, 2025, ECF No. 67, and Universal did not file a reply. The court held a hearing on the motion on September 17, 2025. ECF No. 73. As such the motion is fully briefed and ripe for the court's review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Allegations that are "merely consistent with" a defendant's liability "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" Twombley, 550 U.S. at 557. Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679.

### III.  DISCUSSION

Universal moves to dismiss each of Prince's counterclaims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 60 at 1. The court addresses the sufficiency of each counterclaim in turn.

**A. Prince's First Request for Declaratory Judgment**

This dispute largely centers on the meaning of the term "occurrence" under the Policy because the Policy only provides coverage for claims caused by an "occurrence." Compl. ¶ 30. The Policy generally provides that an "occurrence" is an "accident." Id. ¶ 31. Thus, Universal seeks a declaration that "the injuries . . . in Mr. Shuler's State Court Complaint did not arise out of an accident," meaning "they were not caused by an 'occurrence.'" Id. ¶¶ 30–33.

For his first counterclaim, Prince seeks a declaration that "injuries alleged in the State Court Complaint arose out of an accident and were therefore caused by an Occurrence." ECF No. 53 ¶ 61. Universal argues that the allegations in Prince's counterclaim lack the required specificity to survive a motion to dismiss because Prince

4

"never actually pleads what he did or did not do to Mr. Shuler." ECF No. 60 at 5 (emphasis omitted). But, Prince does allege that Shuler's "injuries . . . arose out of an accident" within "the common and ordinary meaning of the word 'accident[.]'" ECF No. 53 ¶¶ 49, 61. More specifically, Prince submits that he merely "touch[ed] his hand to Mr. Shuler's face[,]" which constitutes an accident in his view. See id. ¶ 48. While this argument may test the bounds of common sense, it does not lack factual specificity; it is simply a different view of the factual circumstances giving rise to Shuler's underlying state court lawsuit.

The primary issue with Prince's first declaratory judgment request is that he merely asks the court to answer the same question that Universal submits to the court in its first request for declaratory judgment—namely, whether the injuries in question resulted from an "occurrence" as defined by the Policy. Id. at 61–62. Simply put, both parties have made declaratory judgment requests that ask the court to rule in their favor with respect to the definition of "occurrence" as used in the policy and whether Prince's conduct in "touching" Shuler's face constitutes an occurrence. Compare id. ¶¶ 60–62 with Compl. ¶¶ 32–34. The court need not decide two declaratory judgment requests to resolve the same question. As such, Prince's first request for declaratory relief is dismissed because it is duplicative of Universal's first request for declaratory relief.

### B. Prince's Breach of Contract Counterclaim

Prince also asserts a claim for breach of contract, particularly on the basis of Universal "filing the instant lawsuit while the State Court action was . . . pending[,]" and "failing to settle the claim of . . . Shuler when it had an opportunity to do so and it was reasonable to do so[.]" ECF No. 53 at 64–65. Universal responds that Prince's

counterclaim should be dismissed because the "contingent and hypothetical nature of his alleged damages" makes it such that Prince's claim is not ripe and such that Prince lacks standing. ECF No. 60 at 6. Although Prince does not specifically label his breach of contract claim as a bad faith claim, this cause of action seems like at attempt to plead a "bad faith refusal to pay first party benefits under a contract of insurance[.]" Crossley v. State Farm Mut. Auto Ins. Co., 415 S.E.2d 393, 396 (S.C. 1992). While Universal at least hints that this claim "could perhaps be better described as an insurance bad faith claim," ECF No. 60 at 3, neither party's brief discusses the elements of a first party bad faith action under South Carolina law. The elements are as follows: "(1) the existence of a mutually binding contract of insurance between the plaintiff and defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." Crossley, 415 S.E.2d at 396–97.

The touchstone of a bad faith claim is unreasonable action on the part of the insurer. See Nichols v. State Farm. Mut. Auto. Ins. Co., 306 S.E.2d 616, 619 (S.C. 1983) (re-affirming that a cause of action exists for an insured that "can demonstrate bad faith or unreasonable action by the insurer in processing a claim"). Bad faith claims often result from either a refusal to provide benefits due under an insurance policy or a refusal to settle within policy limits, and the standard of reasonableness governs the analysis in either case. See Cock-N-Bull Steak House, Inc. v. Generali Ins., 366 S.E.2d 727, 730 (S.C. 1996) ("An insured may recover damages for a bad faith denial of coverage if he or she proves there was no reasonable basis to support the insurer's decision to deny

6

benefits under a mutually binding insurance contract.") (internal quotation marks omitted); see also Trotter v. State Farm Mut. Auto Ins. Co., 377 S.E.2d 343, 349 (S.C. Ct. App. 1988) ("In South Carolina, a liability insurer owes its insured a duty to settle a personal injury claim covered by the policy, if settlement is the reasonable thing to do.") (emphasis added).

Here, Prince alleges that Universal breached its duties under the Policy to provide indemnification and a defense to Prince, ECF No. 53 ¶ 64, but only points to the "instant suit" as evidence of the alleged bad faith. Id.  When an insurer merely seeks a legal determination as to the extent of coverage under an insurance policy and—as Universal has—opts to defend the insured in the meantime subject to a reservation of rights, the insurer can hardly be said to have acted unreasonably.  See, e.g., BMW of North America, LLC v. Complete Auto Recon Servs. Inc., 731 S.E.2d 902, 907 (S.C. Ct. App. 2012) (upholding a determination that an insurance policy did not provide coverage and that insured's bad faith claim failed because the insurer "had reasonable grounds upon which to contest[] . . . and refuse" the insured's claim).  Prince's bad faith counterclaim contains no specific allegations of unreasonableness on the part of Universal and merely offers the naked assertion that filing this lawsuit amounts to a breach of contract. ECF No. 53 ¶ 64.  At the motion to dismiss phase, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice[,]" Ashcroft, 556 U.S. at 678, and therefore, Prince's factual allegations fail to meet this pleading threshold.

The only other factual allegation that Prince marshals in support of his bad faith claim is the allegation that Universal refused to settle the lawsuit when it was reasonable

7

to do so.  ECF No. 53 ¶ 65.  While such an allegation could constitute bad faith, South Carolina law also provides that "[o]f course, the rule [requiring settlement if the offer is reasonable] does not apply if the personal injury claim is not covered by the policy." Trotter, 297 S.E.2d at 349.  Given that Universal seeks a declaration that it does not owe coverage under the Policy, Compl. ¶ 34, it is reasonable for it to have refused a settlement offer prior to seeking a judicial determination as to the existence of coverage.  However, even if the court assumes that coverage does exist—in an effort to construe the facts in a light most favorable to Prince on a motion to dismiss—Prince still provides no additional detail to support his claim that Universal's failure to settle was unreasonable.  See generally ECF No. 53.  If anything, Universal's decision to provide Prince with a defense in the state court action up to this point, notwithstanding the uncertainties regarding coverage, is a reasonable decision that affords Prince the benefit of a defense until this court decides the coverage issue.  See Stroup Sheet Metal Works, Inc. v. Aetna Cas. & Sur. Co., 232 S.E.2d 885, 888 (S.C. 1977) (noting that an "insurance company fails to defend at its own peril, but it is obligated to defend only actions involving claims covered by the insurance contract.").

  Perhaps the best evidence of an unreasonable refusal to settle is the return of a verdict that exceeds policy limits against the insured despite the insurer receiving a settlement offer within policy limits.  See Trotter, 377 S.E.2d at 349 ("If an insurer undertaking the defense of a suit covered by the policy unreasonably refuses or fails to settle within the policy limits, it is liable to the insured for the amount of the judgment against him in excess of the policy limits.").  Universal observes in its brief that "because the underlying suit is . . . pending, there has been no judgment against Prince, and no

redressable injury yet exists upon which his claims for relief could be granted." ECF No. 60 at 6. Thus, a bad faith claim predicated on an unreasonable refusal to settle is premature in an action where Universal merely seeks a declaration as to the extent of coverage under the Policy.[2] See Trotter, 377 S.E.2d at 349 (noting that the existence of coverage is a "necessary predicate" for a bad faith claim based upon an unreasonable refusal to settle). Because Prince fails to plead any specific factual allegations that suggest unreasonable action on the part of Universal, the court grants Universal's motion to dismiss with respect to Prince's breach of contract counterclaim.

### C. Prince's Negligence Claim

Prince also asserts that he was damaged by Universal's negligence when, inter alia, Universal failed to settle within policy limits and failed to timely investigate Prince's legal exposure during the time provided in the settlement offer. ECF No. 53 ¶ 68. This claim must be dismissed because South Carolina does not recognize a cause of action for negligence between an insurer and its insured. Hood v. United Servs. Auto Ass'n, 910 S.E.2d 767, 770–72 (S.C. 2025) (stating that "South Carolina has never recognized a negligence claim between an insured and insurer and will not now."). Consequently, the court grants Universal's motion to dismiss with respect to Prince's negligence counterclaim.

---

[2] At the hearing on this motion, counsel for Shuler and counsel for Prince represented to the court that the underlying action in state court is stayed pending the outcome of the instant suit. ECF No. 73. If Prince obtains a determination that he is covered under the Policy, then he will be free to pursue a bad faith claim against Universal in the event that a jury returns an excess verdict in the underlying state court action.

### D. Prince's Second Request for Declaratory Judgment

Prince makes a second request for declaratory judgment that Prince "is entitled to a declaration of this court as to Plaintiff's duties and Prince's rights under the policy and resulting actions from any failures under the policy." ECF No. 53 ¶ 70. Prince's next paragraph reads in part "[t]hat by reason of and in consequence of the forgoing breach of contract and negligence of the Plaintiff . . . Prince has been damaged, including but not limited to expenses and exposure to additional litigation and time loss from work [sic], attorney's fees and detriment to his credit, loss of benefits he was entitled to receive under the policy of insurance for which he paid premiums, false allegations resulting in damages to his reputation and he has been otherwise damages [sic]." Id. ¶ 71. In short, this request for declaratory judgment does not clearly state the relief it seeks or provide factual allegations in logical and cohesive manner. See id. ¶¶ 70-71. At best, this request is duplicative of Prince's first request for declaratory judgment, and—at worst—it could be construed as a request for the court to adjudicate the bad faith claim in Prince's favor without any further proceedings. Given that this request is either duplicative or seeks declaratory relief that the court cannot provide, the court grants Universal's motion to dismiss with respect to Prince's second request for declaratory relief.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** Universal's motion to dismiss each of Prince's counterclaims.

**AND IT IS SO ORDERED.**

                                                **DAVID C. NORTON**
                                                **UNITED STATES DISTRICT JUDGE**

**September 30, 2025**
**Charleston, South Carolina**