**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNIVERSAL NORTH AMERICAN<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:23-cv-05713-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TYLER SHULER and<br>REMINGTON M PRINCE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Remington M. Prince's ("Prince")

motion to compel, ECF No. 54. For the reasons set forth below, the court denies the

motion.

## I.  BACKGROUND

In the instant lawsuit, Universal North American Insurance Company

("Universal") seeks a declaratory judgment that it owes no duty to provide indemnity or a

defense to defendant Remington M. Prince ("Prince") under Prince's homeowner's

insurance policy (the "Policy").[1]  ECF No. 1, Compl. ¶¶ 9, 34.  Universal's alleged

obligations under the Policy stem from events taking place at the William H. Dennis Boat

---

[1] Universal filed this lawsuit pursuant to diversity jurisdiction, and the parties do not
dispute jurisdiction.  ECF No. 1, Compl. ¶ 5.  Universal is a wholly owned subsidiary of
Universal Insurance Holdings of North America, which is a "Delaware-domiciled
insurance group[,]" and "[i]ts principal place of business is in Sarasota, Florida."  Id. ¶ 1.
Additionally, neither party disputes that defendants Shuler and Prince are citizens of
South Carolina.  Id. ¶ 2–3; ECF No. 53, ¶¶ 3–4.  Because the Policy has a liability limit
of $300,000, exceeding the $75,000 jurisdictional threshold, jurisdiction in this court is
proper pursuant to 28 U.S.C. § 1332.  Compl. ¶ 4.

Landing in Berkeley County, South Carolina on August 11, 2019.  Id. ¶ 12.  On that day,

Prince allegedly pushed his hand against co-defendant Tyler Shuler's ("Shuler") head

with enough force to cause serious injury to Shuler.  Id. ¶ 14–15.  In connection with this

incident, Prince was purportedly arrested on August 12, 2019.  Id. ¶ 17.  Shuler allegedly

reported to medical personnel that his injuries resulted from Prince punching him and

told law enforcement that he had been assaulted by Prince.  Id. ¶¶ 22–23.  On or about

July 12, 2022, Shuler filed a complaint against Prince in the Berkeley County Court of

Common Pleas alleging that Shuler's injuries resulted from Prince negligently "pushing

his hand toward [Shuler] in a place on [Shuler's] head which could and did cause serious,

severe and permanent injuries without intending to do so[.]"  ECF No. 1-2 ¶ 6.a; Shuler

v. Prince, 2022-CP-0801640 (Berkeley Cnty. Ct. C.P. July 12, 2022).  Universal is

currently defending Prince in the state court litigation pursuant to any obligations it may

have under the Policy subject to a reservation of rights.  Compl. ¶ 26; ECF No. 60 at 2.

    Universal filed this lawsuit on November 8, 2023 seeking a declaration that it

owes no duty to defend or indemnify Prince in connection with Shuler's lawsuit on

multiple grounds, including: (1) that Shuler's injuries did not result from an

"occurrence," as required by the policy; or (2) that Prince's actions fell under at least one

of three exclusions under the policy for (a) expected or intended injury, (b) physical or

mental abuse, or (c) concealment or fraud.  Compl. ¶¶ 34, 36, 43, 48.  Prince asserted a

number of counterclaims against Universal—most notably, an insurance bad faith claim

for breach of contract.  ECF No. 53 ¶¶ 62, 64, 68, 71.  Universal moved to dismiss

Prince's counterclaims, ECF No. 60, and the court granted the motion on September 30,

2025, ECF No. 74.  Prince moved for the court to reconsider its order granting the motion to dismiss, and the court denied the motion.  ECF No. 83.

On April 23, 2025, Prince moved to compel production North American Insurance Company claim file no. 1901SC34000680 (the "Claims File"), which is Universal's file pertaining to Prince's claim under the Policy.  ECF No. 54 at 1. Universal responded in opposition on May 16, 2025, ECF No. 68, and Prince filed a reply on May 23, 2025, ECF No. 70.  The court held a hearing on various pending motions including the instant motion to compel on September 17, 2025.  ECF No. 73.  At the hearing, the court ordered Universal to produce its claims file for in camera inspection, see ECF No. 73, and the court has now undertaken a careful review of the documents in the Claims File.  As such, this motion is fully briefed and ripe for the court's review.

## II.  STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for a broad scope of discovery that includes

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Moreover, information need not be admissible in evidence to be discoverable.  Id.

Rule 37(a) provides a mechanism for a party to challenge the non-disclosure of documents allegedly within the scope of discovery if another "party fails to produce [the requested] documents."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The party "resisting discovery . . . bears the burden of persuasion" on the merits.  Eramo v. Rolling Stone LLC, 314

F.R.D. 205, 209 (W.D. Va. 2016). The court has "broad discretion in managing discovery, including whether to grant or deny a motion to compel." Id. (citing Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., 43 F.3d 922, 929 (4th Cir. 1995)).

### III. DISCUSSION

In support of his motion to compel, Prince contends that the claims file is "relevant to the claims in the lawsuit and Plaintiff has no legitimate basis to withhold it."[2] ECF No. 54 at 1. However, Prince argued the documents were relevant to the issues presented in this suit largely due to the counterclaims he had asserted against Universal which have now been dismissed. See id. at 2–3 (describing withheld discovery as "highly relevant" to preceding discussion of Prince's counterclaims); ECF No. 74.

Universal asserts in response that the documents in the claims file should not be produced for three reasons: (1) certain documents in the claims file are attorney-client privileged, ECF No. 68 at 5–6; (2) certain documents in the claims file are protected work product, id. at 6–7; and (3) any remaining documents in the claims file are not relevant to the precise coverage issues raised by Universal's declaratory judgment requests, and their discoverability thus turns on whether Prince's bad faith and related counterclaims survive Universal's motion to dismiss, id. at 8–9.

Pursuant to Rule 25(b)(5)(A) of the Federal Rules of Civil Procedure, a party withholding otherwise discoverable information must "expressly make the claim[,]" and

---

[2] Prince also argues for the first time in his reply brief that Universal waived the privilege by placing the contents of the Claims File at issue in this suit. ECF No. 70 at 3–4. The court will not address this argument because it was raised for the first time on reply. See Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for first time in a reply brief or memorandum will not be considered." (citing United States v. Williams, 445 F.3d 724, 736 n.6 (4th Cir. 2006)).

4

create a privilege log that "describes the nature of the documents . . . not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). Universal complied with this mandate and provided the court and Prince with two privilege logs in connection with the contents of the Claims File. ECF No. 69; ECF No. 71.

The court ultimately concludes that the Universal need not produce any of the documents contained in its Claims File because either attorney-client privilege or the work product doctrine protects all of the documents in the file. The court will first define the relevant scope of discovery since Prince's counterclaims were dismissed. The court will then discuss the legal principles informing its attorney-client privilege and work product doctrine analyses and specify which documents are validly withheld on either basis.

### A. Scope of Discovery

At the outset, the court notes that it granted Universal's motion to dismiss each of Prince's counterclaims, which included Prince's bad faith counterclaim against Universal. ECF No. 74 at 9. Consequently, the only remaining claims before the court are Universal's requests for declaratory judgment seeking a declaration that it owes no duty to defend or indemnify Prince in connection with Shuler's lawsuit because Shuler's injuries did not result from an "occurrence" as required under the policy or because Prince's role in causing Shuler's injuries fell under one of three exclusions under the policy as described above. Compl. ¶¶ 34, 36, 43, 48. The scope of discovery is thus limited to any non-privileged material relevant to either parties' claim or defense with

5

respect to two issues: (1) how the term "occurrence" and other exclusions under the Policy should be interpreted; and (2) whether Prince's actions towards Shuler constituted an "occurrence" or fell within the scope of any of exclusion under the Policy.  See id.; Fed. R. Civ. P. 26(b)(1).

**B. Attorney-Client Privilege**

The court must first determine which state's privilege law applies.  In a diversity case such as this one, the application of attorney-client privilege is governed by state law. See Fed R. Evid. 501; Hottle v. Beech Aircraft Corp., 47 F.3d 106, 107 n.5 (4th Cir. 1995).  Neither party has identified or disputed which state's privilege law applies to privilege questions in this suit, and so the court will apply South Carolina law because the Policy insured property located in South Carolina.  See S.C. Code Ann. § 38-61-10 (providing that "[a]ll contracts of insurance on property, lives, or interests in this State are considered to be made in the State . . . ."); ECF No. 1-1 at 3 (Policy indicating that insured property is located in South Carolina).

Under South Carolina law, "[t]he attorney-client privilege protects against disclosure of confidential communications by a client to his attorney[,]" State v. Owens, 424 S.E.2d 473, 476 (S.C. 1992), and the burden of establishing the applicability of the privilege rests upon the party asserting it, Wilson v. Preston, 662 S.E.2d 580, 585 (S.C. 2008).

The court has undertaken a careful review of Universal's privilege logs, ECF No. 69; ECF No. 71, as well as the documents contained in the Claims File to determine which documents, if any, are validly subject to attorney-client privilege.  The court is

satisfied that Universal has met its burden of establishing the applicability of the privilege

over the following documents, see Wilson, 662 S.E.2d at 585; Eramo, 314 F.R.D. at 209:

UNIVERSAL 001939–001958

UNIVERSAL 001997-002001

UNIVERSAL 002002–002012

UNIVERSAL 002082

UNIVERSAL 002085

UNIVERSAL 002088–002092

UNIVERSAL 002099–002112

UNIVERSAL 002117–002118

UNIVERSAL 002101–2106

**C.  Work Product Protection**

Universal also asserts work product protection over many documents contained in

the Claims File.  ECF Nos. 68 at 6–7, 69, 70.  A document is protected work product if

has been "prepared because of the prospect of litigation when the preparer faces an actual

claim or a potential claim following an actual event or series of events that reasonably

could result in litigation."  Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet

Metal Co., 967 F.2d 980, 984 (4th Cir. 1992).  The proponent of the protection must

establish that the prospect of litigation is the "driving force behind the preparation of each

requested document[.]"[3]  Id.

---

[3] After reviewing the Claims File, it is apparent that Universal immediately began
to anticipate litigation with Prince over his claim under the Policy because Universal was
aware that Shuler's injuries resulted from an alleged assault and battery committed by
Prince when he first filed his claim.

7

There are two categories of work product protection: opinion work product and ordinary work product. State Farm Fire and Cas. Co. v. Admiral Ins. Co., 225 F. Supp. 474, 483 (D.S.C. 2016). Opinion work product is work product related to the "mental impressions, conclusions, opinions, [and] legal theories of a party's attorney or other representative concerning the litigation." See Fed. R. Civ. P. 26(b)(3)(B); Nat'l Union Fire Ins. Co., 967 F.2d at 983. Opinion work product is "immune to the same extent as attorney-client privilege communication." Nat'l Union Fire Ins. Co., 967 F.2d at 984. Ordinary work product, on the other hand, applies to "[a]ll other documents and tangible things prepared in anticipation of litigation or for trial[,]" id., and may be discovered only if the party seeking production of the documents shows that the documents are (1) "otherwise discoverable[,]" in addition to both (2) a "substantial need for the materials to prepare its case" and (3) an inability to obtain a "substantial equivalent" of the work product without "undue hardship," see Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii).

After undertaking a careful in camera review of all documents contained in each of Universal's privilege logs, the court is satisfied that the following documents need not be produced, despite only being ordinary work product, because Prince is able to obtain their substantial equivalent without undue hardship,[4] see id.:

UNIVERSAL 001963–001978

UNIVERSAL 002012–002021:    Letter sent to Prince from counsel for Universal, dated October 12, 2020.

---

[4] Where the ground for withholding is not evident from the description provided in Universal's privilege logs, the court will append a brief description of the document in general terms to demonstrate that Prince is able to obtain a substantial equivalent without undue hardship.

UNIVERSAL 002022–002075:     Prince's Policy and affidavit of Universal representative that Policy attached to complaint was true and correct copy, see ECF No. 1-1.

UNIVERSAL 002076–002077:     Letter sent to Shuler's attorney from counsel for Universal with Prince carbon copied, dated December 10, 2020.

UNIVERSAL 002078–002081:     Letter sent to Prince from counsel for Universal, dated December 10, 2020.

UNIVERSAL 002083–002084:     Letter sent to Shuler's attorney from counsel for Universal with Prince carbon copied, dated May 9, 2022.

UNIVERSAL 002086–002087:     Duplicate of UNIVERSAL 002083–002087.

UNIVERSAL 002093:     Email from Prince's defense attorney to counsel for Universal.

UNIVERSAL 002094–002095:     Duplicate of UNIVERSAL 002083–002087.

UNIVERSAL 002113–002114:     Agreement to Mediate between Shuler and Prince.

UNIVERSAL 002115–002116:     Email with mediator, including counsel for Prince.

UNIVERSAL 003705–003706

UNIVERSAL 003707–0033708

UNIVERSAL 003709

UNIVERSAL 003710–003714

UNIVERSAL 003715

UNIVERSAL 003716–3720

UNIVERSAL 003721–003726

UNIVERSAL 003734–003735

UNIVERSAL 003736

The following documents need not be produced because they were prepared by a representative of Universal in anticipation of litigation and concern the mental

impressions, conclusions, opinions, or legal theories of a Universal representative with respect to potential or ongoing litigation with Prince, see Nat'l Union Fire Ins. Co., 967 F.2d at 984:

> UNIVERSAL 001914–001933
>
> UNIVERSAL 001934
>
> UNIVERSAL 001935–001938
>
> UNIVERSAL 001959–001962
>
> UNIVERSAL 001979–001994
>
> UNIVERSAL 001995
>
> UNIVERSAL 001996
>
> UNIVERSAL 002096–002098
>
> UNIVERSAL 003727–003730
>
> UNIVERSAL 003731–003733

Because Universal has met its burden of establishing the applicability of the privileges and protections asserted in its privilege logs, the court concludes that none of the documents contained in the Claims File need to be produced.

## IV.  CONCLUSION

For the foregoing reasons the court **DENIES** Prince's motion to compel, ECF No. 54.

**AND IT IS SO ORDERED.**

10

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 30, 2025**
**Charleston, South Carolina**